## MORENO v. CITY OF JACKSONVILLE

Case No. 84-29-AP

Fourth Judicial Circuit, Duval County

April 22, 1985

### APPEARANCES OF COUNSEL

**Frank J. Tassone, Jr.,** for appellant.

**Linnie C. Williams,** Assistant Counsel, for appellee.

### OPINION OF THE COURT

JOHN S. COX, Circuit Judge.

This is an appeal from an Order entered by the Construction Trades Qualifying Board on July 12, 1984 suspending for one year a certificate of competency as a Master Electrician held by the Appellant, Joseph A. Moreno.

This action of the Board was taken after a hearing before the Board on July 11, 1984 and pursuant to the provisions of Sections 342.116(a)(3), Ordinance Code of the City of Jacksonville, Florida. Those Ordinance Sections provide as follows:

"342.116 Revocation or suspension of certificate of competency.

(a) The Board may suspend or revoke certificate of competency of a contractor or craftsman who is found guilty by the Board of any of the following:

. . . . . . . . . . . .

(3) being convicted or found guilty, regardless of adjudication, in any jurisdiction of a crime which directly relates to the practices herein regulated."

At the hearing before the Board on July 11, 1984 it was established that Appellant had been convicted of the crime of Grand Theft (which is a Third Degree Felony under the laws of the State of Florida) on April 2, 1984 in Case No. 84-633-CF lately pending in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, and had been sentenced on April 2, 1984 to serve nine months in the Duval County Jail, with credit being given for two (2) days of incarceration prior to imposition of sentence.

It was also established at said hearing that the theft involved was of property owned by Jacksonville Electric Authority; that the property was stolen from the Jacksonville Electric Authority equipment yard; and that the stolen property consisted of electrical equipment and supplies, including such things as "wires, tools, gloves and other electrical wiring".

Appellant was found guilty by the Board of "being convicted or found guilty, regardless of adjudication, in any jurisdiction of a crime which directly relates to the practices herein regulated" [Section 342.116(a)(3), Ordinance Code of the City of Jacksonville, Florida]; his license was suspended by the Board for one year; and he was issued a certificate of competency as a Journeyman Electrician for the one year of his license suspension as a Master Electrician.

Appellant contends that the Board exceeded its authority and had no jurisdiction to suspend his license as a Master Electrician because the purpose of Construction Trades Regulations as set forth in Chapter 342, Ordinance Code of The City of Jacksonville, Florida, and the jurisdiction of the Construction Trades Qualifying Board is spelled out in Section 342.101, Ordinance Code of the City of Jacksonville, Florida, which provides in its pertinent parts as follows:

"342.101 Purpose of Chapter. In order to protect the public health, safety and welfare, it is declared necessary to establish regulations to insure that persons engaged in the contracting for and performance of certain trades * * * are competent to perform their work and

possess the experience, education, skill and financial capability to adequately produce construction, equipment and installations which are safe to persons and property.

Appellant urges that the crime of which he was convicted does not directly relate to the practices which the Board is authorized to regulate under Ordinance Section 342.101, supra, and that his conviction of the crime of Grand Theft does not reflect adversely upon his competency to perform the work of a Master Electrician or upon his possession of "the experience, education, skill and financial capability to adequately produce construction, equipment and installations which are safe to persons and property".

This Court disagrees and holds that the Construction Trades Qualifying Board acted within its authority and jurisdiction in suspending Appellant's certificate of competency as a Master Electrician for one year.

It is true that the broad general purpose of Chapter 342, Ordinance Code of the City of Jacksonville, Florida, is to establish regulations to assure that contractors are competent to perform their work and that they possess the necessary experience, skill and financial capability to safely perform the work which they contract to perform. However, this Court rules that the authority and jurisdiction of the Construction Trades Qualifying Board is not restricted to the narrow questions of the technical knowledge and financial capability of contractors whose practices it regulates. The Board is also charged with the duty of protecting the general public to the best of its ability from contractors with serious criminal records. This is illustrated by the provisions of Section 342.105(b)(5)(6), Ordinance Code of The City of Jacksonville, Florida, which requires an applicant for a Contractor's Certificate of Competency to submit a sworn statement that he has not been convicted of a felony during the past five years and that he is not, at the time of the application, charged with committing a felony. This Ordinance goes on to provide that if the applicant cannot give such a sworn statement, he must give a full statement of the facts and circumstances of the conviction or charges which prevent him from giving the aforesaid sworn statement.

Furthermore, there can be no question that "the practices herein regulated", as referred to in Section 342.116(a)(3), Ordinance Code of The City of Jacksonville, Florida. supra, include generally the electrical contracting business as carried on by persons holding a certificate of competency as a Master Electrician. Neither can it be logically contended that the theft of electrical equipment and supplies by a Master

**79**

Electrician does not "directly relate" to the electrical contracting business which is regulated under said Chapter 342.

Consequently, the Order entered July 12, 1984 by the Construction Trades Qualifying Board, which is here appealed from, is hereby affirmed.